**UNITED STATES of America**

v.

**Percy YOUNG, Jr.**

**Crim. No. 94–102.**

United States District Court,
W.D. Virginia,
Roanoke Division.

Feb. 6, 1995.

---

Peter A. Katt, Law Office of Daniel L. Crandall, P.C., Roanoke, VA, for Percy Young, Jr.

Ruth E. Plagenhoef, Asst. U.S. Atty., Roanoke, VA, for U.S.

## *MEMORANDUM OPINION AND ORDER*

WILSON, District Judge.

Percy Young, Jr. entered a plea of guilty to unlawfully dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A). Although Young admitted that he dealt in firearms unlawfully, he denied knowing that the firearms transaction was unlawful. The court was concerned that willfulness is an element of the offense, and accordingly, took acceptance of the plea under advisement. Young later sought to withdraw his guilty plea on the grounds that the cases are in conflict on the requisite mens rea element of the crime, and he wishes to preserve the issue for review. Young argued that in order to violate 18 U.S.C. § 922(a)(1)(A), he had to know that the law requires a license to sell firearms—a fact he denies. The government countered that the applicable mens rea element requires only that a defendant's conduct be knowing and purposeful. After hearing arguments on the matter, the court announced its intention to reject Young's guilty plea. The court now holds that for purposes of § 922(a)(1)(A), willfulness requires a showing that the defendant intended a violation of a known legal duty.

### I.

Young was charged with unlawfully dealing in firearms under the following statute:

(a) It shall be unlawful—

(1) for any person—

(A) except a licensed importer, licensed manufacturer, or licensed dealer, to engage in the business of importing, manufacturing, or dealing in firearms, or in the course of such business to ship, transport, or receive any firearm in interstate or foreign commerce....

18 U.S.C. § 922(a)(1)(A) (Law.Co-op.1993). The penalty provision for this statute is found in § 924(a)(1):

[W]hoever—

(A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter;

(B) knowingly violates subsection (a)(4), (a)(6), (f), (k), or (q) of section 922;

(C) knowingly imports or brings into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*); or

(D) willfully violates any other provision of this chapter, shall be fined not more than $5,000, imprisoned not more than five years, or both.

18 U.S.C. § 924(a)(1) (Law. Co-op.1993). Subsection (D) applies to § 922(a)(1)(A), the statute under which Young was charged.

Congress added the terms "knowingly" and "willfully" to § 924(a)(1) in the Firearms Owners' Protection Act of 1986, Pub.L. No. 99–308, 100 Stat. 449 (1986) (FOPA). Before FOPA, many of the firearms crimes were strict liability offenses, so Congress enacted the FOPA amendments "to ensure that law-abiding citizens would not be subject to severe criminal penalties for unintentional missteps." *United States v. Obiechie*, 38 F.3d 309, 312 (7th Cir.1994). There is essentially no doubt that Congress intended the words "knowingly" and "willfully" to serve as scienter requirements that would apply, through the penalty provision, to the underlying offenses:

> FOPA added a set of mens rea requirements by amending section 924(a)(1) to punish certain violations only if they are committed "willfully" and others only if they are committed "knowingly."

*United States v. Sherbondy*, 865 F.2d 996, 1001 (9th Cir.1988).

In applying § 924(a)(1) to firearms crimes, however, courts are in disaccord over the meaning of the term "willfully violates" and its effect as an element of the underlying offense. The Seventh Circuit has found that "willfully violates" requires a showing that the defendant knew of the law that he violated. *United States v. Obiechie*, 38 F.3d at 315. The Second Circuit has adopted the contrary position, holding that the willfulness requirement "was meant to be read broadly to require only that the government prove that the defendant's conduct was knowing and purposeful and that the defendant intended to commit an act which the law forbids." *United States v. Collins*, 957 F.2d 72, 76 (2d Cir.), *cert. denied,* ── U.S. ──, 112 S.Ct. 2285, 119 L.Ed.2d 210 (1992). Several other circuits have voiced varying inclinations. *See United States v. Langley*, No. 93–5219, 1994 WL 518394, at *8 (4th Cir. Sept. 23, 1994) (stating that "willfully" was intended to mean undertaken in violation of a known legal duty), *reh'g granted,* (Oct. 20, 1994); *United States v. Hern*, 926 F.2d 764, 767 (8th Cir.1991) (noting with approval that the parties do not dispute "that "willful" means an intentional violation of a known legal duty"). *But see United States v. Palmieri*, 21 F.3d 1265, 1270 n. 4 (3rd Cir.1994) (showing tacit approval of the Second Circuit's reading of the willfulness requirement by upholding a jury instruction in a § 922(a)(1) crime that stated "it is not required that [the defendant] knew that a license was required"), *cert. granted,* ── U.S. ──, 115 S.Ct. 413, 130 L.Ed.2d 329 (1994).

When promulgating FOPA, Congress considered a broad reading of "willfully violates." *See United States v. Collins*, 957 F.2d at 76 (citing a House Judiciary Report and speeches of legislators as supportive of a broad standard). However, a willfulness requirement, which may have many meanings, should be viewed "mindful of the complex of provisions in which [it is] embedded." *Ratzlaf v. United States*, ── U.S. ──, ──, 114 S.Ct. 655, 659, 126 L.Ed.2d 615 (1994). Since Congress added two different mens rea terms, "knowingly" and "willfully," to the firearms crimes and specifically made each term applicable to certain crimes, it is logical to conclude that Congress intended "knowingly" and "willfully" to have different meanings. If "willfully" is read to require only that the defendant intended to commit the acts that are proscribed by law, however, "willfully" would have virtually the same meaning as that already established for "knowingly." *United States v. Obiechie*, 38 F.3d at 315. Such a reading of "willfully" defies the import of the statutory context in which the mens rea term originated. In order to avoid that result, this court finds that "willfully violates" requires a showing that the defendant intended a violation of a known legal duty.

## II.

For the reasons stated in open court and those detailed above, the court rejects Young's guilty plea.

It is so **ORDERED**.